U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUN 14 PM 3:18

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| LUCIEN STEPHEN MILES DUPREE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PECOS COUNTY SHERIFF'S ) <br> DEPARTMENT, ET AL., ) <br> ) <br> Defendants. ) | Case No. 2:24-cv-650 |

**TRANSFER ORDER**

On June 11, 2014, Plaintiff, a Brattleboro, Vermont resident representing himself, filed an Application for Leave to Proceed *in Forma Pauperis*, or without prepayment of the case filing fee. (Doc. 1.) He seeks to bring this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., alleging that Defendants violated his rights during his arrest on October 24, 2023, and during his subsequent detention. Specifically, he alleges that his trained service animal Hank was taken from him and not returned. He seeks an injunction requiring the immediate return of Hank, compensatory damages of $750,000, punitive damages of $1,250,000, and a declaratory judgment that the Defendants violated the ADA. (Doc. 1-3 at 13.)

Named as Defendants are the Pecos County Sheriff's Department; Fort Stockton Police Department; City of Fort Stockton, Texas; Chief of Fort Stockton Police Department Ernesto Velasquez; Officers of the Fort Stockton Police Department Dennis Gross and Joseph Chew; Animal Control Officers Stormie Gordon and Misty; Jail Administrator Brittany Macias; Mayor of Fort Stockton Paul Casias; Mayor Pro Tem of Fort Stockton James Warnock; Fort Stockton City Council Members Darren Hodges, Paul Jerome Chavez, Ruben Bernal, and Ruben Falcon; and Fort Stockton City Attorney Puja Boinpally. (Doc. 1-3 at 7–11.)

For the following reasons, this action is transferred to the United States District Court for the Western District of Texas.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise the claim occurred . . . ; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See id.* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when he was arrested and subsequently detained in Texas. Although Plaintiff asserts that venue is proper in this district, because Defendants all reside in Texas and the alleged events giving rise to his claims occurred in Texas, from the face of the Complaint and supporting documents, it is clear that venue is not proper in this court under § 1391(b)(1), (2). Indeed, Plaintiff asserts that he "will request a change of venue to the Western District of Texas for logistical purposes, as all Defendants are located in or near the Western District of Texas. (Doc. 1-3 at 17.)

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Fort Stockton, Texas, in the County of Pecos, which is in the Western District of Texas. *See* 28 U.S.C.

2

§ 124(d)(6). And Plaintiff concedes Defendants are located in Texas. Accordingly, venue lies in the Western District of Texas, 28 U.S.C. § 1391(b)(1), (2), and in the interest of justice, the court transfers this action to the United States District Court for the Western District of Texas, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action the United States District Court for the Western District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this case in this court.

The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of June, 2024.

Geoffrey W. Crawford, Chief Judge
United States District Court